**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| HK SANLI TRADING CO., LTD, | |
| Plaintiff, | **Civil Action No.: 26-cv-2292** |
| v. | |
| Hongyan Wang, | **JURY TRIAL DEMAND** |
| Defendant. | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff HK SANLI TRADING CO., LIMITED ("Plaintiff") brings this complaint against

Hongyan Wang ("Defendant"), and alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action for declaratory judgment of non-infringement and invalidity

arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq*. and the United States

Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2.      Plaintiff seeks this relief in response to Defendant's recent accusation of patent

infringement as to the U.S. Patent No. 12,478,181 (the "'181 Patent"). A true and correct copy of

the '181 Patent is attached as Exhibit A.

3.      On February 13, 2026, Amazon sent a notice to Plaintiff regarding a complaint

submitted by Defendant under Amazon's intellectual property enforcement program. The complaint

alleges that Plaintiff's drawer product ("Accused Product") infringes the '181 Patent. A true and

correct copy of the February 13, 2026, Amazon Patent Evaluation Express Agreement and Amazon

email is attached as Exhibit B.

1

4.      Pursuant to Amazon's intellectual property enforcement procedures, product listings may be removed if an infringement complaint is submitted and remains unresolved. The parties have engaged in efforts to address the matter but have been unable to reach a resolution. Plaintiff is opting not to proceed through Amazon's APEX program, which does not consider defenses such as patent invalidity and is limited in scope to infringement issues.

5.      Defendant's patent infringement accusation and Amazon enforcement complaint have created a reasonable apprehension of enforcement and have already caused concrete commercial harm through the threatened removal of Plaintiff's product listings.

6.      An actual justiciable controversy exists between Plaintiff and Defendant that warrants the issuance of a judgment declaring that Plaintiff, by its manufacture, use, offer for sale, sale, and/or import of its Accused Product has not infringed, or otherwise violated the patent or other intellectual property rights, of Defendant under U.S. or applicable state law.

7.      An actual justiciable controversy exists between Plaintiff and Defendant that warrants the issuance of a judgment declaring that Defendant's patent is invalid.

8.      Defendant's intended assertion of claims of patent infringement based on Plaintiff products has threatened Plaintiff's business, and has created a present, genuine, and justiciable controversy between Plaintiff and Defendant. For these reasons, and as alleged more particularly herein, Plaintiff brings this action for a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, to declare that Plaintiff does not infringe the Defendant's patent.

## THE PARTIES

9.      Plaintiff, HK SANLI TRADING CO., LIMITED is a private Chinese company, operating an Amazon storefront called 'takyu' with the Seller ID: AGF7U3D5XBK1R.

10. Upon information and belief, Defendant is a Chinese individual and the purported owner of the '181 Patent.

11. Upon information and belief and based on contentions by Defendant in its complaint filed with Amazon, Defendant claims to own the '181 Patent.

## JURISDICTION AND VENUE

12. Plaintiff is a Chinese company with a principal place of business in China, and Defendant, upon information and belief, is a Chinese individual.

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

14. This Court has personal jurisdiction over Defendant because Defendant purposefully directed enforcement activity toward Plaintiff's U.S. commerce by submitting an Amazon patent complaint targeting Plaintiff's Amazon listings offered to U.S. consumers. This enforcement action carries significant legal and business consequences for Plaintiff based on Defendant's allegations that Plaintiff has infringed the '181 Patent by making, using, selling, offering to sell, and/or importing allegedly infringing goods into the United States, including into Illinois and this District. Plaintiff's Accused Products are offered for sale to customers throughout the United States, including consumers located in Illinois, through Amazon's nationwide e-commerce platform.

15. On or about February 13, 2026, Defendant reported Plaintiff to Amazon.com to initiate an e-commerce patent enforcement action ("Amazon Complaint") against Plaintiff to terminate Plaintiff's commercial activities in the Amazon marketplace, which accounts for a significant portion of Plaintiff's business.

16.     Unless Plaintiff files this action and obtains relief from this Court, Amazon intends to remove Plaintiff's Accused Products consisting of at least ASIN B0DT8FNLKR under the pretext that the ASIN may infringe the '181 Patent.

17.     By initiating the Amazon Complaint against Plaintiff, a company with whom Defendant was very familiar, Defendant availed itself of the laws of the state of Illinois and knew that its actions would harm Plaintiff in this District. Defendant's acts seek to disrupt the stream of commerce originating in Illinois vis-a-vis Plaintiff's goods.

18.     Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391, *inter alia*, because a substantial part of the events giving rise to this action occurred in this District.

19.     Defendant's Amazon Complaint will directly cause the removal of Plaintiff's product listings, thereby impairing Plaintiff's ability to continue lawful commerce in this District. The resulting harm—including lost sales, disrupted business operations, and diminished market access—has been suffered in Illinois.

## FACTUAL BACKGROUND

20.     On November 25, 2025, the United States Patent and Trademark Office issued the '181 Patent.

21.     Defendant purports to own the right, title, and interest in the '181 Patent by assignment, including the right to license, sell, and enforce the '181 Patent.

22.     On or about February 13, 2026, Defendant submitted a report to Amazon.com under its intellectual property enforcement program, initiating a patent enforcement action concerning Plaintiff's product listings. As a result, Plaintiff's ability to conduct business on the Amazon marketplace has been adversely affected.

23. In response to Defendant's Amazon Complaint, on the same date, Amazon marketplace notified Plaintiff that its Accused Products would be removed under the pretext that the ASIN-in-question may infringe the '181 Patent if Plaintiff is unable to resolve the claim directly with Defendant, if Defendant chooses not to participate in Amazon's APEX program, or if Defendant does not challenge the infringement claim in court.

24. Defendant's conduct has interfered with Plaintiff's ability to compete in the marketplace and threatens Plaintiff's continued participation in the Amazon platform.

25. Plaintiff has at all times acted in good faith with respect to the '181 Patent. Based on analysis of the patent claims and public materials, Plaintiff contends that its Accused Products do not infringe any claim of the '181 Patent under any recognized theory of liability.

## COUNT I
## DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT (U.S. PATENT NO. 12,478,181)

26. Plaintiff restates and incorporates by reference each of the allegations contained in paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. Defendant has contended that Plaintiff's Accused Products infringe at least one claim of the '181 Patent.

28. Plaintiff seeks a declaratory judgment that its Accused Products, including at least ASIN B0DT8FNLKR, do not infringe the '181 Patent.

29. Plaintiff avers that it does not infringe any valid and enforceable claim of the '181 Patent, whether directly or indirectly, literally or under the doctrine of equivalents, through the manufacture, use, offer for sale, sale, and/or importation of the Accused Products.

30.     Plaintiff avers that it has not engaged in any activity that constitutes infringement of any valid and enforceable claim of the '181 Patent.

31.     Plaintiff avers that a real and substantial controversy exists regarding the scope and enforceability of the '181 Patent, and Plaintiff is entitled to a judicial declaration that it has not infringed any valid and enforceable claim thereof.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '181 Patent

32.     Plaintiff restates and incorporates by reference each of the allegations contained in paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33.     Defendant has contended that at least one claim of the '181 Patent is valid, enforceable, and infringed by making, using, offering to sell, selling, and/or importing Plaintiff's Accused Products.

34.     Plaintiff avers that the claims of the '181 Patent are invalid under one or more provisions of the Patent Act, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, and the doctrine of non-statutory double patenting.

35.     Plaintiff avers that the claims of the '181 Patent are anticipated and/or rendered obvious by the prior art, including art that was of public record or otherwise accessible to a person of ordinary skill in the art at the time of the alleged invention but was not adequately considered during prosecution.

36.     Upon information and belief, Prior art including US 2005/0067928 A1 (Exhibit C), U.S. Patent No. 5,887,961 (Exhibit D), and U.S. Patent No. 5,009,190 (Exhibit E) each, among other things, nested components that slide relative to one another and can be secured at predetermined positions; width adjustability via sliding engagement of compartments or elements;

and securing telescoping components via aligned openings and fasteners at predetermined telescoping positions. In view of these teachings, a person of ordinary skill in the art would have been motivated to combine these well-known, predictable techniques to arrive at the subject matter of at least Claim 10 of the '181 Patent with a reasonable expectation of success, rendering the claim invalid under 35 U.S.C. § 103.

37.     A concrete and justiciable controversy exists as to the validity of the '181 Patent, and Plaintiff is entitled to a declaratory judgment that one or more of its claims are invalid and unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.      Declaratory judgment that the '181 Patent is not infringed by Plaintiff.

2.      Declaratory judgment that at least Claim 10 (and any asserted claims) of the '181 Patent are invalid.

3.      An injunction against Defendant and its officers, directors, affiliates, subsidiaries, agents, servants, employees, attorneys, and all persons and entities in concert, privity, or participation with any of them ("enjoined parties") as follows:

> A.      Restraining and enjoining, preliminarily and permanently, any further assertion of the '181 Patent against Plaintiff's Accused Products; and

> B.      Requiring that Defendant provide written notice of the injunction to all enjoined parties.

4.      Judgment that this case is exceptional under 35 U.S.C. § 285 due to Defendant's conduct in asserting infringement without a reasonable basis and pursuing enforcement actions that threaten the removal of Plaintiff's lawful product listings.

5.      Judgment awarding Plaintiff its attorneys' fees and costs incurred in this action to vindicate its legal rights and to restore its ability to compete fairly.

6.      That Defendant be ordered to pay Plaintiff pre-judgment interest on all sums awarded.

7.      That Plaintiff be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Dated: March 1, 2026                           Respectfully submitted,

/s/ Alexander Warden
Alexander Warden, Esq
alexander.warden@walflaw.com
West Atlantic Law Firm, PLLC
104 West 40th Street, 4th and 5th Floor
New York, NY 10018
*Attorney for Plaintiff*